THE HASLETT PARK ASSOCIATION v. FRANK J. HASLETT AND SARAH A. HASLETT.

*Lost deed—Restoration—Conditions.*

Complainant filed a bill to restore a lost deed executed to it by the father and husband of the defendants, respectively, in his lifetime. The deed stated that it was subject to and accepted under the condition, among others, that the stipulations and conditions contained in a mortgage of even date should be faithfully complied with and performed in all parts and particulars: The mortgage was never executed, but there was nothing in the testimony to show that the grantor waived any of the conditions of the deed. And it is held that a delay on his part of less than two years to secure the execution of the mortgage cannot be construed into such a waiver, and that complainant is entitled to the restoration of the deed only upon the conditions of the original grant.

Appeal from Ingham. (Person, J.) Argued June 8, 1894. Decided June 26, 1894.

Bill to restore a lost deed. Defendant Frank J. Haslett appeals. Decree modified and affirmed. The facts are stated in the opinion.

*Cahill & Ostrander,* for complainant.

*Phillips & Jenks* and *Avery Bros. & Walsh,* for appellant.

GRANT, J. The bill in this case was filed to restore a lost deed claimed to have been executed by one James H. Haslett on August 24, 1889. Mr. Haslett died intestate, June 23, 1891. The defendant Sarah is his widow, and Frank his son. The complainant is a spiritualistic cor-·poration organized under chapter 147, How. Stat. The land conveyed consists of 18 acres situated on the shore of Pine lake, in Ingham county. Mr. Haslett was an ardent spiritualist, and had for a long time been interested in the formation of an organization for the purpose of developing its philosophy and practices. He owned other lands adjoining this. He had openly and frequently declared his intention to convey this land to such an organization. He had employed an attorney to draw articles of association, a deed, and a mortgage to be executed by the association simultaneously with the deed. Previous to the meeting, which was held at the park August 24, when articles of association were executed, he had issued a circular to the spiritualists of Michigan, in which he set forth his purposes, the necessity of an organization, and his intention to convey the property. In this circular he published in full the proposed articles of association and the mortgage. It was contemplated that the three should be executed at the same time. The articles were executed, and one of the members drove hastily to Mason, 14 miles, to have them recorded in the register's office, as provided by law. After his return, it is claimed, the deed was executed.

We are convinced, upon a careful examination of the evidence, that the deed was executed and delivered. This was the conclusion of the learned circuit judge, before whom the case was heard in open court. It would be profitless to enter into any detailed statement of the evidence upon which this conclusion is based. It is purely a question of fact, concerns no one but those directly interested, and can form no valuable precedent for guidance in future cases.

The court decreed that the defendants had no interest, right, or title in the premises, and that they should execute a deed in the same form as that copied into and a part of the record of the complainant association in evidence in the case. A copy of the deed was preserved, and expressly states that it was subject to and accepted under the following conditions:

"*First.* James H. Haslett shall be perpetually elected one of the board of trustees of said corporation, and shall be president of such board during his life, and, after his death, such person as he shall designate in his will shall be such president, and such person shall remain president during his life.

"*Second.* The stipulations and conditions contained in a mortgage of even date herewith to James H. White shall be faithfully complied with and performed in all parts and particulars."

The mortgage was never executed. While it is not conclusively established what became of the deed after its execution, it is quite possible that it was handed to Mr. Haslett as president of the association, and was lost by him. Its loss was discovered some time before his death, which was sudden, and efforts were made to find it. It is evident that money did not come in as fast as was expected, and it is quite possible that the execution of the mortgage was delayed for this reason. Some bonds, however, were issued under the terms of the mortgage and the direction of the complainant. A resolution was passed by the

trustees shortly after the date of the deed, directing the issue of $3,000 worth of bonds to Mr. Haslett. The mortgage provided for the raising of $25,000 for the purpose of erecting buildings and making improvements upon the property, and the bonds were to be issued of the denomination of $5 each. The deed contemplated the execution of the mortgage, and made the stipulations and conditions therein a part of the deed. It may have been the intention of the court below to incorporate them in the decree. Haslett and others had contributed, and were to receive bonds for such contribution. There is nothing to show that Mr. Haslett waived any of the conditions in the deed. A delay of less than two years cannot be construed into a waiver. Complainant is entitled to this deed only upon the conditions of the original grant. There is much force in the position taken by the defendants' counsel that the deed was not recorded, but was retained until the mortgage should be executed, so that the two might be simultaneously placed upon record.

The decree must be amended by providing for the execution of the mortgage to Mr. White as trustee, and for the issue of bonds to Mr. Haslett's representatives for such amount as they may be able to establish by the proper proceeding that they are entitled to. As thus amended, the decree will be affirmed. No costs will be allowed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.